United States District Court
Southern District of Texas
**ENTERED**
September 25, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| MARIA E.S., "Petitioner," | § § § | |
| v. | § § | Civil Action No. 1:26-cv-00670 |
| TODD BLANCHE, *et al*., *in their official capacities*, "Respondents." | § § § § | |

**ORDER**

Before this Court are Petitioner's "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" (Dkt. No. 1) ("Petition") and Respondents' "Motion to Dismiss as Moot and Response to the Petition for Writ of Habeas Corpus" (Dkt. No. 6) ("MTD").

By their MTD, Respondents notify the Court of Petitioner's release from custody on parole and request dismissal of the Petition on mootness grounds. Dkt. No. 6 at 1-2. Petitioner did not timely file a response opposing the MTD.

For the Court to retain subject matter jurisdiction over this case, the Petition must continue to present a live case or controversy. *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Otherwise, the case is moot, and the Court is deprived of jurisdiction. A case becomes moot when it is "impossible for a court to grant any effectual relief whatever to the prevailing party." *Herndon*, 985 F.3d at 446 (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)).

Here, the Petition challenges Petitioner's prolonged detention and seeks relief[1] in the form of release from custody. *See generally* Dkt. No. 1 at 9-13. Petitioner's release on parole thus renders moot any live case or controversy.

For these reasons, Respondents' MTD (Dkt. No. 6) is **GRANTED** and the Petition (Dkt. No. 1) is hereby **DISMISSED** without prejudice as moot. The Clerk of the Court is **ORDERED** to close this case.

SIGNED this September 25, 2026

Rolando Olvera
United States District Judge

[1] The Petition also seeks attorney's fees under the Equal Access to Justice Act ("EAJA"). Dkt. No. 1 at 13. Because EAJA fees are not available in habeas corpus proceedings such as this one, *Barco v. Witte*, 65 F.4th 782 (5th Cir. 2023), such relief is foreclosed